The precise question involved in this suit, namely, whether the rent due on the 1st of August, 1844, was paid, was involved in the summary proceedings before the first judge of Erie county, and was then adjudicated upon.
And the question presented here is, whether that adjudication is an estoppel as between the parties to that proceeding. The question is not, as was urged on the argument, whether that adjudication was evidence that no rent was due, but it is simply whether that fact, having been passed upon between the same parties in a tribunal having power to pass upon it, those parties are not now estopped from mooting the same question in another action.
The defense was set up in this case, first, by the second plea to the defendant's avowry, and second, by the offer to prove the *Page 143 
fact on the trial. In both forms the court below overruled the defense, first by overruling the plea on demurrer, and next by excluding the evidence offered.
If the court erred in overruling the plea, it will be unnecessary to inquire whether the evidence was properly excluded, and of course unnecessary to inquire whether, even if the facts were valid as an estoppel, they could be availed of unless pleaded.
Upon the demurrer, the decision of the county court clearly was that the adjudication in the summary proceedings before the first judge was not an estoppel.
In this was the error. I suppose it to be well settled that the judgment of a court of concurrent jurisdiction directly on the point is, as a plea, a bar, or as evidence, conclusive between the same parties upon the same matter directly in question in another cause; or in other words, that the decision of a court of competent jurisdiction directly upon the same point, is conclusive when the same point comes again in controversy between the same parties, directly, or collaterally. (Duchess ofKingston's case, 11 St. Tr. 261; 1 Phil. Ev. 321; Wright
v. Deklyne, 1 Peters' C.C. Rep. 202; Outram v. Morewood,
3 East, 346; Gardner v. Buckbee, 3 Cowen, 120; Burt v.Sternburgh, 4 Id. 559; Wood v. Jackson, 8 Wend. 9;Miller v. Manice, 6 Hill, 121; Supervisors of Onondaga v.Briggs, 2 Denio, 33.)
And it makes no difference, that I can discover, whether the first adjudication is in a proceeding according to the common law or summary in its character. It is enough that the question has been submitted to judicial officers to be determined in a judicial way, that the parties and their proofs have been heard and their rights settled by a judicial determination. When this has been done, the determination is conclusive upon the parties until reversed, vacated or set aside in the forms prescribed by law. The rule has been applied to the taxation of costs, (2Denio, 33,) and in that case, the learned judge who delivered the opinion, remarked very correctly, though obiter, that of the same general nature are the decisions made by a judge or commissioner *Page 144 
in proceedings under the insolvent laws; the act to punish fraudulent debtors; between landlord and tenant, c.
The fact that the statute authorizes the proceeding to be summary, cannot change or affect the operation of a general rule as necessary as it is salutary.
I am therefore of opinion that the judgment of the supreme court ought to be affirmed.
Judgment affirmed.